IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES ORLANDO LEE,

                     Petitioner,                               ORDER

           v.                                        08-cv-340-bbc

WARDEN HOLINKA; CAPTAIN
TRATE; CHAPLIN LIBERSTEIN;
C/O FRUIK; FOOD SERVICE PEDERSON;
LT. SIENA; LT. SADOWSKI; and
SPECIAL HOUSING UNIT PROPERTY
OFFICER (John Doe),

                     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 9, 2008, petitioner Miles Orlando Lee filed a complaint in this case against Warden Holinka, Captain Trate, Chaplain Liberstein and Correctional Officer Fruik. The court assessed him an initial partial payment of the filing fee on June 12, 2008, that petitioner was to pay no later than July 3, 2008. When the payment was not made by that date, the case was closed on July 10, 2008. Subsequently, on August 4, 2008, petitioner notified the court that he had been moved to the Federal Correctional Institution-Englewood in Littleton, Colorado, and that he wished to amend his complaint. On August 7, 2008, the court advised petitioner that he still owed a $.31 initial partial payment and that his case

had been closed for his failure to pay that sum by the July 3 deadline.  On August 26, 2008, the court received petitioner's initial partial payment.  Now petitioner has filed a motion for my recusal (Dkt. #9) and a proposed amended complaint in which he adds four more respondents and additional claims (Dkt. #10).  Because the case is still closed, I construe petitioner's submissions to include a motion to reopen this case.

Petitioner's motion to reopen will be granted.  Petitioner's payment of the initial partial payment satisfies the requirements of 28 U.S.C. §1915(b)(1) and paves the way for this court to screen his complaint under § 1915(e)(2).  Also, because the court has not yet screened petitioner's original complaint, he is free to replace it with his amended complaint as a matter of course.  Therefore, petitioner's amended complaint will be considered the operative pleading.  However, I will deny petitioner's motion for my recusal.

As I told petitioner in an order dated September 4, 2008 responding to an identical motion he filed in <u>Lee v. Holinka</u>, 08-cv-295-bbc, his decision to file a judicial misconduct complaint against me for actions I took in connection with his lawsuits in this court is insufficient to support an assertion of actual bias or convince a reasonable person that I am biased against him.  In the absence of compelling evidence of bias or prejudice, petitioner's motion for my recusal or disqualification must be denied.

I turn then to a preliminary review of petitioner's complaint (Dkt. #10).  In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Respondent Carol Holinka is the warden of the Federal Correctional Institution in Oxford, Wisconsin. She was aware of racial discrimination to which petitioner was subjected while he was housed at Oxford. She was aware of allegations petitioner had made concerning his property and the discontinuation of his religious diet. She transferred petitioner to a facility without a residential drug abuse program "in retaliation."

At some unspecified time, respondent Captain Trate operated a gun tower located directly in front of the basketball court where all of the African American inmates gathered. No one was stationed in the gun towers where Caucasians gathered. Trate disregarded all of petitioner's complaints "about his wife setting up African Americans in the kitchen" and he allowed petitioner's property to be confiscated unjustly and for petitioner to be put in a special housing unit without following policy.

Respondent Chaplain Liberstein conspired with respondent Food Service Employee Pederson to "confiscate" petitioner's religious diet. Liberstein falsified a federal document to cover up the mistake. Pederson is a racist and continually harassed petitioner and other Muslims "on Commonfare" at the Oxford prison.

Respondent Fruik confiscated petitioner's headphones and radio without providing petitioner a hearing. Respondent Siena allowed Fruik to confiscate petitioner's headphones in retaliation for petitioner's having filed grievances against prison employees.

Respondent Sadowski refused to put petitioner in protective custody without first

writing an incident report against petitioner for refusing to obey an order that petitioner could not follow.  Also, Sadow put petitioner "in a tank" for two and a half hours "to force [petitioner] to change [his] mind from going back into population."

Respondent John Doe is a transportation property officer at the FCI-Oxford.  He did not pack petitioner's property in front of petitioner or give him a property sheet.  As a result, petitioner's legal material "concerning every issue [he] filed on at Oxford" is missing.

DISCUSSION

Unfortunately, petitioner's complaint must be dismissed because it violates Fed. R. Civ. P. 8 and 20.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The primary purpose of this rule is rooted in fair notice.  A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action.  It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants."  Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief

against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-45 (2d ed. 1978).  Only when the requirements for joinder of parties have been satisfied under Rule 20, may a party utilize Fed. R. Civ. P. 18 to join additional claims he may have against one or more of the named defendants, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983); 7 Charles Alan Wright et al., Federal Practice & Procedure.

In George v. Smith, 507 F.3d 605, 607 (7th Cir.  2007), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits.  The court reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case.

In this case, it appears clear that petitioner has violated Rule 20 with respect to at least five potential claims.  He contends that 1) he was subjected to racial discrimination; 2) he was denied a religious diet; 3) certain property of his was confiscated without proper procedure; 4) he was twice moved into different housing without procedural protections; and 5) he suffered retaliation for exercising a constitutional right.  None of these claims appears

to arise out of the same transaction or series of transactions or raise a common question of law.  Therefore, the only way they belong in the same lawsuit is if the unrelated claims are raised against the same respondent.  Fed. R. Civ. P. 18.

Petitioner's Rule 8 violations make it impossible for the court to sort out for him which of the respondents belongs in any one or more separate lawsuits.  For example, petitioner appears to allege that respondents Holinka, Trate and Pederson discriminated against him because of his race, but he does not explain what happened to make him believe he was discriminated against, when and where the incident or incidents occurred, and how each respondent may have been involved personally in the incident or incidents.  If the incidents are different incidents involving different respondents, then each racial discrimination claim belongs in its own separate lawsuit.  Also, petitioner accuses respondents Holinka, Trate, Fruik and Siena of improperly confiscating his property, but his factual allegations are so sparse that it is not possible to tell whether he is talking about the same or different property and the same or different incidents.  To satisfy Rule 8, petitioner must at the least explain what property was taken, where and when it was taken, and who took it.  If the incidents are separate incidents involving different respondents, the claims belong in separate lawsuits.

In sum, I am dismissing petitioner's complaint without prejudice and allowing him 10 days to revise his complaint to comply with Fed. R. Civ. P. 8 and 20.  He will have to decide which claim to pursue against which respondents in this lawsuit.  As for the remaining

claims and remaining respondents, he may choose to sue them in separate lawsuits now or put off additional litigation for a later day.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims he raised. Once he files an amended complaint that satisfies Rules 8 and 20, I will screen the action under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that

1.  Petitioner's request for leave to proceed in forma pauperis in this action is DENIED because his complaint is in violation of Fed. R. Civ. P. 8 and 20.

2.  Petitioner may have until September 26, 2008, in which to submit an amended complaint that conforms to the requirements of these rules. If, by September 26, 2008, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3.  If, by September 26, 2008, petitioner submits a revised complaint as required

by this order, I will take his complaint under advisement for screening pursuant to 28 U.S.C.

§ 1915(e)(2).

Entered this 16th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge