IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES ORLANDO LEE,

                                                                      OPINION and
                         Petitioner,                                ORDER

          v.                                                08-cv-340-bbc

WARDEN HOLINKA; CAPTAIN
TRATE; CHAPLIN LIBERSTEIN;
C/O FRUIK; FOOD SERVICE PEDERSON;
LT. SIENA; LT. SADOWSKI; and
SPECIAL HOUSING UNIT PROPERTY
OFFICER (John Doe),

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 16, 2008, I denied petitioner leave to proceed in forma pauperis in this action after concluding that his complaint violated Fed. R. Civ. P. 8 and 20. In particular, I told petitioner that because none of these claims appeared to arise out of the same transaction or series of transactions or raise a common question of law, they would not be properly raised in the same lawsuit unless the alleged unconstitutional acts had been committed by the same respondents. However, because petitioner had not been diligent about naming specific respondents with respect to each of his claims, it was impossible to

1

sort out for him which of the respondents belonged with which claims. Now, in response to the court's invitation to file a new pleading that cured the defects in his original complaint, petitioner has filed a proposed amended complaint that identifies the respondents he wishes to sue with respect to each of his claims. Unfortunately, however, this complaint, like the last, violates Rule 20. Therefore, before he may proceed further, petitioner will have to choose which of his several lawsuits he wishes to pursue.

In his proposed amended complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner is a prisoner at the Federal Correctional Institution-Englewood in Littleton, Colorado. Before he was transferred to Colorado, petitioner was confined at the Federal Correctional Institution in Oxford, Wisconsin.

Respondent Holinka is the warden at FCI-Oxford. She retaliated against petitioner by transferring him to FCI-Englewood where there is no drug abuse program. She knows that black prisoners and white prisoners receive different privileges.

Respondent Trate is a captain at FCI-Oxford. He discriminated against petitioner on the basis of his race by refusing to operate all gun towers at FCI-Oxford instead of just the one tower that looks over the area where black prisoners hang out. In addition, Trate refused to "act on" information he had that his wife was setting up blacks in the kitchen.

2

Also, Trate allowed petitioner's property to be confiscated without providing petitioner a hearing and had petitioner put in a special housing unit without due process.

Respondent Pederson is a food service employee at FCI-Oxford. He denied petitioner his "Commonfare" religious diet. Respondent Liberstein is the chaplain at FCI-Oxford. She falsified a document to cover up an error that food service personnel made concerning the discontinuance of his "Commonfare" religious diet.

Respondent Fruik is a correctional officer at FCI-Oxford. He wrote a false conduct report against petitioner in retaliation for petitioner filing grievances against Federal Bureau of Prisons employees.

Respondent Sadowski is a lieutenant at FCI-Oxford. He refused to put petitioner in protective custody for his safety without first harassing him by placing him in segregation for two hours in violation of prison policy, and then writing a conduct report against petitioner for refusing an order to return to the general population.

Respondent Siena is a lieutenant at FCI-Oxford. He reviewed a conduct report about confiscated property and never forwarded it for a hearing. He refused to listen to petitioner to learn how to verify that the property was petitioner's. Respondent Siena does not know the disciplinary procedures very well and is very strict with black inmates and more lenient with white inmates.

Respondent John Doe is the special housing unit property officer at FCI-Oxford. He

3

failed to follow policy and allowed petitioner to be transferred without packing petitioner's property in front of him and giving him a receipt. Because of this, petitioner's legal documents were missing when he arrived at FCI-Englewood in Colorado.

OPINION

As I told petitioner in this court's September 16, 2008 order, he is not permitted to raise in a single lawsuit claims he may have against different respondents that arise out of unrelated incidents. Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In this case, with the exception of petitioner's claim that respondents Pederson and Liberstein each were involved in some way with denying him his "Commonfare" religious diet, the claims he raises against each respondent belong in separate lawsuits. In other words, in applying Rule 20 to petitioner's complaint, I conclude it must be divided into seven different lawsuits as follows.

In what I will call Lawsuit #1, petitioner may raise his claim that respondent Holinka retaliated against him by transferring him to FCI-Englewood and treated him differently because of his race.

In what I will call Lawsuit #2, petitioner may sue respondent Captain Trate on his claim that Trate discriminated against him on the basis of his race by refusing to operate all of the gun towers at FCI-Oxford and denied petitioner due process when he allowed

4

petitioner's property to be confiscated and put petitioner in a special housing unit.

In what I will call Lawsuit #3, petitioner may sue respondent Pederson for denying him his "Commonfare" religious diet. In this same lawsuit, petitioner may sue respondent Liberstein for falsifying a document to cover up an error that food service personnel made concerning the discontinuance of his religious diet.

In what I will call Lawsuit #4, petitioner may sue respondent Fruik for writing a false conduct report against him in retaliation for his filing grievances against Federal Bureau of Prisons employees.

In what I will call Lawsuit #5, petitioner may sue respondent Sadowski for refusing to put him in protective custody without first placing him in segregation for two hours in violation of prison policy and then writing a conduct report against him for refusing an order to return to the general population.

In what I will call Lawsuit #6, petitioner may sue respondent Siena for reviewing a conduct report about confiscated property and denying him a hearing to determine whether the property was petitioner's, and for being strict with black inmates and more lenient with white inmates.

In what I will call Lawsuit #7, petitioner may sue respondent John Doe for failing to follow policy and allowing petitioner to be transferred without packing petitioner's property in front of him and giving him a receipt.

5

In light of George, I may apply the initial partial payment petitioner paid in this case to only one of the seven lawsuits identified above. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. With respect to the remaining lawsuits, petitioner may choose to dismiss them voluntarily, in which case he will not owe additional filing fees. Such dismissals would be without prejudice, so petitioner would be able to bring the lawsuits at another time. Alternatively, petitioner may choose to pursue one or more of the additional lawsuits separately, in which case he will be required to pay an additional filing fee for each additional lawsuit he wants to prosecute, beginning with an initial partial payment in the amount of $.31 (the partial fee payment that was calculated from petitioner's trust fund account statement at the time he filed this action) and the remainder of the filing fee in installments as required by 28 U.S.C. § 1915(b)(2).

Petitioner should be aware that I have not considered whether any of the claims he has raised in any one of his lawsuits has legal merit. When he identifies the lawsuit or lawsuits he wishes to pursue, I will consider the claims raised in that lawsuit to determine whether they are legally frivolous or fail to state a claim upon which relief may be granted unless, before I can consider the merits of one or more of the additional lawsuits, he strikes out under 28 U.S.C. § 1915(g). (Petitioner already has two strikes recorded against him. He earned a strike in Lee v. Burke, 07-cv-1718-DDD, decided Jan. 2, 2008 (W.D. La.) and

6

another in <u>Lee v. U.S. Attorney General Mukasey</u>, 08-cv-1091-ESH, decided July 14, 2008 (D.D.C.). If he earns a third strike in this court, he will have to prepay the filing fee for any additional suits he wishes to pursue unless it appears from his allegations that he is in imminent danger of serious physical harm. None of the lawsuits I have identified above fits into that category.

ORDER

IT IS ORDERED that

1. Petitioner may have until October 16, 2008, in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. As to this one lawsuit, petitioner's initial partial payment will be applied.

2. Petitioner may have until October 16, 2008, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit that petitioner dismisses voluntarily, he will not owe a filing fee.

4. For any lawsuit that petitioner advises the court he intends to prosecute (other than the one petitioner chooses to keep assigned to this case number) petitioner will owe a separate $350 filing fee, which he must pay in full, beginning with a $.31 initial partial

payment. The payment is due to be submitted to the clerk of court no later than October 23, 2008.

    5. If, by October 16, 2008, petitioner fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for petitioner's failure to prosecute.

    Entered this 2d day of October, 2008.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge